UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KIMBERLY GALLAMORE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-148-SNLJ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOICIATES, LLC ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Portfolio Recovery Associates, LLC ("PRA") moves for entry of a protective order.  [Doc. 33].  The order would not prevent the discovery of any information. It would merely limit the distribution of discovered materials labeled "confidential."  [Docs. 33-1 and 35 at 4].  Plaintiff has not provided any substantive evidence or arguments about how this protective order would prejudice them.  *See* [Docs. 34 and 38].  Rule 26 allows for a protective order "to protect a party or person from…undue burden or expense, including one or more of the following…(h) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. Pro. 26(c)(1)(G). Defendant PRA notes in its motion that the Protective Order is sought to "ensure the proper handling and maintenance of confidentiality of this document containing heavily negotiated terms, including as to pricing."  [Doc. 33 at 2].  Defendant merely elaborates on this good cause in its reply, demonstrating the importance of protecting this research

and commercial information. [Doc. 35]. This Court, having found good cause for the defendant's motion will issue the Protective Order forthwith.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for entry of protective order [Doc. 33] is GRANTED.

Dated this 14th day of February, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE