UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KIMBERLY GALLAMORE., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case no. 1:24-cv-00148-SNLJ |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Portfolio Recovery Associates, LLC's ("PRA") motion for judgment on the pleadings [Doc. 25], which the Court converted to a motion for summary judgment [Doc. 56]. The parties were given notice and an opportunity to submit additional briefing on the motion. The motion is now ripe for disposition. For the reasons stated below, the motion will be granted.

I. **Background**

Plaintiff Kimberly Gallamore alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") against defendant Portfolio Recovery Associates, LLC ("PRA"). [Docs. 1, 11]. The essential facts are not disputed. Plaintiff maintained a personal credit card with Synchrony Bank ("Synchrony"). [Doc. 11 at ¶ 32.] After she became delinquent in payments on the Synchrony account, she received a letter from PRA stating that it now owned the Synchrony debt. [*Id.* at ¶¶ 33-34]. PRA is not registered to do business in the State of Missouri. [*Id.* at ¶ 38].

In the First Amended Complaint, plaintiff claims that: 1) PRA acted in violation of the FDCPA in attempting to collect a debt while "hold[ing] no legal right, title, or interest" to the Synchrony debt; and 2) PRA's debt collection attempts violate Missouri law because it is not registered to do business in the State of Missouri which results in a violation of the FDCPA.  Defendant attached two letters to its Answer to the First Amended Complaint – a letter from PRA to plaintiff explaining that it owns the Synchrony debt [Doc. 18-1] and a letter from Synchrony to plaintiff explaining that it sold her debt to PRA [Doc. 18-2].

Shortly after filing its Answer, defendant filed a motion for judgment on the pleadings [Doc. 25].  During briefing on the motion, defendant submitted the Master Account Sale Agreement between PRA and Synchrony Bank.  [Docs. 46-1, 46-2]. Because that document was not attached to the original pleadings, this Court converted the motion to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 12(d).  [Doc. 56].  The parties were given additional time to submit additional briefing but chose not to do so.

II.   **Legal Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

2

genuine issue of material fact." *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986) (quotation marks omitted). The burden then shifts to the non-movant to "present specific evidence, beyond 'mere denials or allegations [that] . . . raise a genuine issue for trial.'" *Farver v. McCarthy*, 931 F.3d 808, 811 (8th Cir. 2019).

**III.   Discussion**

The instant motion turns on two issues. First, was the defendant attempting to collect a debt it owned. And second, did defendant violate the FDCPA and Missouri law by attempting to collect a debt from a Missouri resident when it was not registered to do business therein.

**A. Was defendant attempting to collect a debt it owned?**

Defendant maintains it lawfully purchased plaintiff's Synchrony debt. In support, it submitted the Master Account Sale Agreement (the "Agreement") with Synchrony Bank as proof that it owned the debt. [Docs. 46-1, 46-2]

Plaintiff argues there was not a "true sale" of plaintiff's debt between Synchrony and defendant because 1) Synchrony maintained repurchase rights over the accounts transferred, 2) Synchrony maintains and exercises control over defendant, 3) Synchrony places restrictions over the accounts transferred, 4) Synchrony is required to indemnity defendant, and 5) the Agreement contains a reassignment provision. [Doc. 49 at 11]. In support of her position that the Agreement is not a sale, she cites to several bankruptcy cases distinguishing between sales and loans. [*Id.* at 12].

In response, PRA submitted the purchase agreement for the account in question. [Docs. 32, 32-2]. The Bill of Sale "transfers, sells, conveys, grants and delivers to Buyer,

3

its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Accounts as set forth." [Doc. 32-2].  Finally, defendant argues that plaintiff fails to meet its burden of showing that level of deception upon which her claim is based.  [Doc. 32].

The documents establish that plaintiff's account was sold to defendant by Synchrony.  Because the sale was valid, defendant did not violate the FDCPA in attempting to collect on plaintiff's debt.

### B. Did defendant violate Missouri law by attempting to collect a debt from a Missouri resident when it was not registered to do business therein?

Defendant contends it was not required to register to do business under Missouri law and, therefore, it did not act illegally in attempting to collect a debt from a Missouri resident.  Defendant relies on § 347.163 RSMo, which provides, in relevant part:

> A foreign limited liability company shall not be considered to be transacting business in this state, for purposes of sections 347.010 to 347.187, by reason of carrying on in this state any one or more of the following activities:
>
> … Securing or collecting debts or enforcing any rights in properties securing the same.

Section 347.163.5(5) RSMo.[1]  Based on the plain language of the statute, defendant maintains it was not required to register in Missouri to collect on the debt it validly purchased from Synchrony.  In response, plaintiff argues § 347.163.5(5) RSMo does not apply to an entity, like defendant, that "consistently and systematically avails itself of the

---

[1] There is a similar Missouri statute that applies to foreign corporation, which states that "securing or collecting debts" does not constitute transacting business so as to require registration with the Secretary of State.  See § 351.572 RSMo.

4

privilege of doing business in the state of Missouri." [Doc. 31 at 9]. She further argues that defendant's interpretation of the statute is contrary to legislative intent. [*Id.*].

This Court is bound by the plain, unambiguous language of the statute. The Court is "not free to amend or clarify the clear language of the statute, nor can it disregard the letter of a clear and unambiguous statute under the pretext of pursuing its spirit." *In re Racing Services*, 779 F.3d 498, 504 (8th Cir. 2015) (cleaned up). "It is for the legislature, not the courts, to amend a statute if the plain language of the statute does not accurately reflect the legislature's intent." *Id.* at 505 (cleaned up). The plain language of § 347.163.5(5) exempts foreign limited liability companies, like defendant, from registration in the state of Missouri. As such, defendant did not violate state law when it attempted to collect a debt from plaintiff. Because there was no violation of state law, the Court need not address whether a violation of state law creates a violation of the FDCPA.

For the reasons stated, defendant is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings [Doc. 25], which was converted to a motion for summary judgment [Doc. 56] is **GRANTED**. A separate Judgment will be entered.

**SO ORDERED** this 1st day of July, 2025.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE